STATE OF MAINE　　　　　　　　　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss　　　　　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　　　　DOCKET NO. AP-15-12


OWEN MACDONALD,

　　　　Petitioner

v.　　　　　　　　　　　　　STATE OF MAINE
Cumb... Clerk's Office

... 12 2015

RECEIVED　　　　　ORDER


MAINE BUREAU OF MOTOR VEHICLES,

　　　　Respondent


　　　Before the court is petitioner Owen MacDonald's appeal from a March 30, 2015 decision

by a Bureau of Motor Vehicles hearing examiner revoking MacDonald's license as a habitual

offender.

　　　On an appeal under Rule 80C from a decision by a Bureau of Motor Vehicles hearing

examiner, the court reviews the decision of the hearing examiner for abuse of discretion, error of

law, or findings not supported by substantial evidence in the record. *Turner v. Secretary of State*,

2011 ME 22 ¶ 8, 12 A.3d 1188; 5 M.R.S. § 11007(4)(C).[1] The party seeking to overturn the

agency decision bears the burden of persuasion on appeal, and the agency's factual findings must

be sustained unless clearly erroneous. 2011 ME 22 ¶ 8. The court may not substitute its judgment

for that of the agency on questions of fact. 5 M.R.S. § 11007(3).

　　　MacDonald's sole contention on this appeal is that because the record contains a certified

copy of his driving record that does not show the necessary predicate for revocation as an

---

[1] 5 M.R.S. § 11007(4)(C) also calls for the court to reverse if the agency decision is in violation of
constitutional or statutory provisions, is in excess of the agency's authority, was made upon unlawful
procedure, or was affected by bias. § 11007(4)(C)(1)-(4). Petitioner does not raise any argument under
those provisions of the statute.

habitual offender, see Exhibit 5 at the BMV hearing, R. Tab 10, the hearing examiner's decision is not supported by substantial evidence on the record as a whole.

The problem with this argument is that the record also contains a certified copy of MacDonald's driving record that contains far more information and that contains entries showing that MacDonald was revoked as a habitual offender on December 20, 2006, that his license was restored on August 17, 2011, and that he committed a new offense of OUI on August 16, 2014. *See* Exhibit 4 at the BMV hearing, R. Tab 9. Under 29-A M.R.S. § 2555(1), a person whose license has been revoked and restored shall have his license revoked again if he commits a new OUI offense within 5 years of the restoration.

Based on Exhibit 4, the hearing examiner concluded at the March 30, 2015 that MacDonald qualified as a habitual offender. R. Tab. 5, Tr. 5-6. The hearing examiner was entitled to conclude that Exhibit 4 was the more complete and accurate driving history. So long as the record contains evidence supporting the hearing examiner's decision, the court is obliged to uphold that decision even if the record also contains contrary evidence. *Dyer v. Superintendent of Insurance*, 2013 ME 61 ¶ 11, 69 A.3d 416.

The entry shall be:

The March 30, 2015 decision of the Bureau of motor Vehicles revoking petitioner's license as a habitual offender is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November _10_, 2015

_____
Thomas D. Warren
Justice, Superior Court

2

LUKE RIOUX, ESQ
RIOUX, DONAHUE, CHMELECKI, & PELTIER, LLC.
97A EXCHANGE STREET, #404
PORTLAND, ME. 04101
For Plaintiff

DONALD W. MACOMBER, AAG.
6 STATE HOUSE STATION
AUGUSTA, ME. 04333
For Defendant